IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin M. Hickox,            :
                Appellant    :
                             :
        v.                   :  No. 1008 C.D. 2015
                             :  Submitted: February 19, 2016
Commonwealth of Pennsylvania, :
Department of Transportation, :
Bureau of Driver Licensing   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: May 18, 2016

        Justin M. Hickox, *pro se*, appeals an order of the Court of Common
Pleas of Cambria County (trial court) affirming a one-year suspension of his
operating privileges imposed by the Department of Transportation, Bureau of
Driver Licensing (PennDOT). Hickox contends the trial court erred in affirming
the suspension, because PennDOT never provided him with a valid notice of
suspension. Because Hickox did not file, as directed by the trial court, a
Pennsylvania Rule of Appellate Procedure 1925(b) statement of errors complained
of on appeal, the trial court did not issue an opinion to explain its order. We
remand the appeal to the trial court to consider whether Hickox may file a
statement of errors *nunc pro tunc*.

        On February 11, 2010, Hickox was convicted of the summary offense
of driving while his operating privilege was suspended. *See* Section 1543 of the

Vehicle Code, 75 Pa. C.S. §1543.[1]  PennDOT mailed an official notice of suspension to Hickox on February 19, 2010, at 128 Dublinwood Drive, Bellefonte, Pennsylvania.  The notice advised that Hickox's driving privileges were suspended for one year, effective March 3, 2010.  To obtain credit toward the suspension, the notice directed Hickox to return his driver's license to PennDOT.

On May 6, 2014, Hickox filed a *nunc pro tunc* appeal of his one-year suspension to the trial court.  He asserted that he did not receive PennDOT's suspension notice because it was sent to the wrong address.  Shortly after his 2010 conviction, Hickox moved to the State of Washington and filed a change of address with PennDOT.  He completed the change of address form in person at a driver licensing center in Rockview, Pennsylvania.  Nevertheless, PennDOT

---

[1] It states, in relevant part, as follows:

> Except as provided in subsection (b) [relating to a suspension for driving under the influence of alcohol or a controlled substance], any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.
>
> ***
>
> Suspension or revocation of operating privilege.--Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:
>
> > (1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, and had not been restored, the department shall suspend the person's operating privilege for an additional one-year period.
> >
> > (2) If the department's records show that the person was under revocation on the date of violation, and had not been restored, the department shall revoke the person's operating privilege for an additional two-year period.

75 Pa.C.S. §1543(a) and (c).

mailed the suspension notice to his prior address. Hickox asserted that PennDOT's error constituted a breakdown in its operations, warranting *nunc pro tunc* relief.

Hickox explained that soon after moving to the State of Washington, he was arrested on outstanding Pennsylvania felony warrants and extradited to Pennsylvania on June 16, 2010, where he was incarcerated until February 15, 2014. Following his release, he learned that he had not received any credit toward his 2010 driver license suspension.

The trial court granted Hickox's request to appeal *nunc pro tunc* and set a hearing date on the merits of the suspension. Hickox was the sole witness to appear. On February 4, 2010, he went to the Rockview driver's license center to execute a change of address form. He also requested that his Pennsylvania driver's license be cancelled because he was moving to Washington. On March 1, 2010, he obtained a driver's license from the State of Washington. Hickox did not drive during the four years he was in prison and contends that it is unfair to make him serve the suspension now. Hickox also submitted copies of the change of address form and cancellation of driver's license form he submitted to PennDOT on February 4, 2010. Hickox Exhibit 1.

On September 11, 2014, the trial court issued an order dismissing Hickox's suspension appeal. He appealed, and on September 22, 2014, the trial court issued an order directing Hickox to file a concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b),[2] within twenty-one days.

---

[2] It states:

> If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

**(Footnote continued on the next page . . . )**

On November 21, 2014, the trial court issued an order stating that because Hickox had not filed a statement of errors, it would not issue an opinion in support of its September 14, 2014, order.

On July 10, 2015, Hickox filed a petition for special relief to the trial court, in which he stated that "[b]ecause of a mixup with the mail system [he] did not receive the order until after the expiration of the time limit to comply with this order." Supplemental Reproduced Record at 34b.[3] Hickox requested permission to file a statement of errors complained of on appeal *nunc pro tunc*, but the trial court did not respond to the petition.[4]

In his brief to this Court, Hickox claims the trial court erred in affirming the suspension because evidence was presented that PennDOT sent the notice of suspension to the wrong address. PennDOT counters that Hickox has waived his appeal by failing to file a concise statement of errors to the trial court.

---

**(continued . . . )**

***

> 2) *Time for filing and service*--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

PA. R.A.P. 1925(b)(2).

[3] Hickox listed his mailing address as the Cambria County Prison.

[4] Seven months had elapsed since the trial court issued its order, at which time jurisdiction was with this Court.

4

The Pennsylvania Supreme Court has conclusively established that

> in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925(b). Any issues not raised in a Pa. R.A.P. 1925(b) statement will be deemed waived.

*Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005) (quoting *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998)). Here, Hickox contends that he did not receive the order until the time for filing the statement of errors complained of on appeal had passed. Pa. R.A.P. 1925(c)(1) permits this Court to remand an action for a determination of whether the statement of errors complained of on appeal was timely served.[5] Further, the trial court may allow the filing of a statement of errors complained of on appeal *nunc pro tunc*.[6]

Accordingly, this matter is remanded to the trial court for disposition of Hickox petition to file a statement of errors complained of on appeal *nunc pro tunc*.

_____
MARY HANNAH LEAVITT, President Judge

---

[5] It provides:

> An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.

PA. R.A.P. 1925(c)(1).

[6] Rule 1925(b) provides, in pertinent part:

> In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

PA. R.A.P. 1925(b)(2).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin M. Hickox,                          :
            Appellant                :
                                        :
      v.                            :  No. 1008 C.D. 2015
                                        :
Commonwealth of Pennsylvania,               :
Department of Transportation,               :
Bureau of Driver Licensing                  :

## **O R D E R**

AND NOW, this 18th day of May, 2016, the above-captioned matter is remanded to the Court of Common Pleas of Cambria County (trial court) for disposition of the "Petition for Special Relief" (Petition) filed by Justin M. Hickox requesting to file a statement of errors complained of on appeal *nunc pro tunc*. In the event the trial court denies the Petition, the trial court shall remit the original record to this Court, including therein its ruling on the Petition, within 60 days of the date of this Order. In the event the trial court grants the Petition, the trial court shall remit the original record, including the statement of errors complained of on appeal submitted by Hickox and its corresponding Pa. R.A.P. 1925(a) Opinion, within 90 days of the date of this Order.

The Chief Clerk shall send a copy of this Order to the Honorable F. Joseph Leahey, Senior Judge of the Court of Common Pleas of Cambria County and to the Prothonotary of Cambria County.

Jurisdiction retained.

_____
MARY HANNAH LEAVITT, President Judge